McINTOSH v. ZEIGLER *ET AL.*

(125 S. E., 636)

1. EXECUTORS AND ADMINISTRATORS—HOLDING THAT PAYMENTS TO LEGATEES WERE IN NATURE OF ADVANCES, HELD NOT GROUND FOR REVERSAL OF DECREE.—The mere fact that the Court, in holding that legatees were liable for interest on partial distribution by executrix on final settlement, held that the payments were in the nature of "advances", *held* not ground for reversal, question being merely one of words.

2. EXECUTORS AND ADMINISTRATORS—LEGATEES LIABLE FOR INTEREST ON PARTIAL DISTRIBUTION.—Legatees *held* liable for interest on partial distribution.

3. COURTS—QUESTIONS NOT RAISED IN PROBATE COURT NOT CONSIDERED ON APPEAL BY CIRCUIT COURT.—Questions not raised in Probate Court, on application by executrix for approval of final account and discharge, will not be considered by Circuit Court on appeal from Probate Court's order.

4. APPEAL AND ERROR—EXCEPTION NOT IN ACCORDANCE WITH SUPREME COURT RULES WILL NOT BE CONSIDERED.—Exception that "the presiding Judge erred in failing to consider and pass upon the second, third, and fourth grounds contained in the appeal from the judgment of the Probate Court," being in violation of Supreme Court Rules, No. 5, requiring exception to contain concise statement of one proposition, will not be considered.

Before MAULDIN, J., Abbeville, April, 1924. Affirmed.

Proceeding between Mrs. Howelle M. Zeigler, executrix of the will of Mrs. Mary E. McIntosh, deceased, and others, and G. C. McIntosh. An order sustaining executrix's return was affirmed by the Circuit Court, and G. C. McIntosh appeals.

The decree referred to in the opinion follows:

This is an appeal from the Probate Court in the above stated matter:

The principal matter involved on the appeal, and the only one upon which the Judge of Probate was called to pass on the hearing before him, so far as it appears by the record, was that, on the settlement of the estate, interest was charged to each one of the legatees upon advances which had been made by the executrix from time to time to such legatees, and this interest was distributed among the legatees as a part of the estate. The advances made were not in equal amounts, and were over a period of some five or six years. There seems to have been no contention before the Probate Court as to the advances themselves, but one of the legatees took the position that interest should be calculated upon the advances so as to equalize the shares of the several parties. The executrix conceded this position and calculated the interest at the rate of 5 per cent. per annum. None of the parties questioned the rate, but the appellant questioned the right to calculate interest at all upon the advances made to him. If the calculation had been made at the legal rate of interest, it would result in a larger charge against appellant, and, therefore, he is not harmed by the rate of interest charged.

I am satisfied that the legatees had the right to have the in which an equal adjustment of the estate would have been made. This was specifically decided in the case of *Cunningham v. Cauthen,* 37 S. C., 140; 15 S. E., 917. *Cun*interest calculated in this manner, for it is the only way *ningham v. Cauthen,* 44 S. C., 107; 21 S. E., 800, and is the effect of the decisions in *Smith v. Huger,* 1 Desaus, 247. *Adams v. Turner,* 12 S. C., 594. *Williams v. McCardell,* 14 S. C., 219; and undoubtedly it is the equitable rule for an adjustment of the shares of the several distributees.

The other questions raised by the appellant do not appear to have been made before the Judge of Probate, and, therefore, cannot be passed upon by this Court. The only record filed by the appellant on his appeal is the final return —no other part of the probate record is filed. This final return shows on its face that two other returns had been filed prior thereto, and the record before me does not show, and it was not contended, that any question was raised or passed upon by the Judge of Probate in reference to the matters embraced in the other exceptions. For these reasons the exceptions are overruled and the appeal be, and the same hereby is, dismissed.

This case was marked heard by me at the Abbeville term of Court and argued before me at the Greenwood term of Court, by consent of the parties.

*Messrs. Abram Levy* and *E. Foster Brigham,* for appellants, cite: *Advancements:* 35 Cyc.; 2 McCord, 103; 169 Ill. App., 341; 24 C. J., 90; Sec. 511. *One year period for settling estates:* 69 S. C., 543; 76 S. C., 524; Code 1922, Vol. 3, Sec. 5407. *Partial settlement:* 24 C. J., Sec. 1282; 7 S. C. Eq., 77; 7 S. C. Eq., 185. *Manner of paying legacies:* 24 C. J., Secs. 1312, 1314; 1 S. C. Eq., 489; 20 S. C. Eq., 66; 25 S. C., 1; 89 S. C., 551; 14 S. C., 251; 3 S. C. Eq., 241; 24 C. J., Sec. 1279. *Preference of distributees:* 1 S. C. Eq., 208; 25 S. C. Eq., 39; 60 S. C., 272; 24 C. J., Sec. 1328. *Overpayments:* 11 S. C., 93; 24 S. J., Sec. 1342; 34 S. C. Eq., 165; 8 S. C. Eq., 274. *Receipt for payment:* 2 S. C., 378; 14 S. C. Eq., 26; 20 S. C. Eq., 66. *Legatees not liable for interest on partial distribution:* 37 S. C., 140; 41 S. C., 457; 24 C. J., Sec. 1308, 192 U. S., 124. *Legatees should receive distributive share at the end of the first year:* 69 S. C., 543; 76 S. C., 524; Code 1922, Sec. 5407. *Final return:* 3 Hill, 206; 2 Hill, 561; 41 S. C., 457. *Accountability of a trustee:* 14 S. C., 219; 57 S. C., 42; 58 S. C., 27; 81 S. C., 511; 82 S. C., 109; 28

S. C., 583; 4 Des. Eq., 463; 5 Rich. Eq., 7; Code 1922, Vol. 3, Sec. 5425; 24 C. J., Sec. 2446.

*Messrs. Grier, Park & McDonald,* for respondent, cite: *Case in* 44 S. C., *107, covers identical points and is conclusive.*

December 9, 1924.

The opinion of the Court was delivered by Mr. Justice Fraser.

The following is the agreed statement in the case:

"This is a proceeding under the last will and testament of Mrs. Mary E. McIntosh, who died in March, 1916, possessed of a large estate of both real and personal property. The legatees under her will are Mrs. Howelle M. Zeigler, Mrs. Louise M. Long, W. M. McIntosh and Guy C. McIntosh and two minor children of a deceased daughter, Mrs. Allison. Mrs. Zeigler was named as executrix under the will, and it was duly probated and she qualified as such. The will relieved her from the filing of any return except her final return, but she did file returns on two occasions. In September, 1923, she submitted her final return to the Probate Court for Abbeville County for approval and for a discharge as executrix. One of the legatees, G. C. McIntosh, objected to the adjustment of interest on sums of money which had been paid over to the several legatees at different times as shown by the final return. A copy of this final return is hereto attached, marked Exhibit A, and a copy of the interest adjustment is hereto attached, marked Exhibit B. The Probate Court heard the matter on the 11th of December, 1923, and allowed the adjustment of interest on the different items which had been paid over to the several legatees. The appellant, G. C. McIntosh, appealed to the Circuit Court on the grounds which are to be set forth, marked Exhibit C, and the appeal was heard upon the record which was comprised solely of a copy of the final return, Exhibit A, a copy of the adjustment of the interest

charges, Exhibit B, exceptions, Exception C, and the letter transmitting the record, Exhibit D. No other parts of the record of the Probate Court were included in the return."

"The matter came up to be heard at Abbeville on the—— day ——, 1924, at which time it was marked heard, and argued at the April term of the Circuit Court for Greenwood County, on the 15th day of April, 1924, before his Honor, Judge T. J. Mauldin, whereupon the following order was passed. A copy of the order is hereto annexed and made a part hereof, marked Exhibit E.

### EXCEPTIONS

"(1) The presiding Judge erred in holding that the distribution made to legatees was in the nature of advances.

"(2) The presiding Judge erred in holding that the legatees were liable for interest on the partial distribution made to them.

"(3) The presiding Judge erred in failing to consider and pass upon the second, third, and fourth grounds contained in the appeal from the judgment of the Probate Court.

I. The first exception is merely a question of words and not reversible, even if incorrect.

II. The presiding Judge is fully sustained by the authorities cited in his decree. They declare the only just rule. Let the decree be reported.

III. The whole record in the Probate Court is not before us, but Judge Mauldin finds as a matter of fact that these questions were not raised in the Probate Court, and he was correct in holding that he could not consider them.

This exception is in violation of Rule 5 of this Court, and, therefore, cannot be considered.

The judgment appealed from is affirmed.

Messrs. Justices Watts, Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.